IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Johnnie M. Massey, ) | |
| ) | CA No. 3:10-2943-TMC |
| Plaintiff, ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Johnnie M. Massey (Massey), brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02 of the District of South Carolina. (Dkt. No. 20.)[1] The Report recommends reversing the decision and remanding to the Commissioner for further determinations. The court declines to adopt the Report and instead affirms the decision of the Commissioner.

I.

Massey filed an application for SSI and DIB on January 18, 2005, and February 10, 2005,

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

respectively, alleging that she became disabled as of February 17, 2004 due to obesity, depressive disorder, fibromyalgia, respiratory impairment, bilateral carpal tunnel syndrome, and lumbar spondylosis. Her application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on December 17, 2007. On April 23, 2008, the ALJ issued a decision denying Massey's claim. However, the Appeals Council remanded the case to the ALJ for further proceedings. A subsequent hearing was held before the ALJ on April 22, 2009. On October 19, 2009, the ALJ issued a decision denying Massey's application. Massey again requested a review of the ALJ's decision, which was denied by the Appeals Council, thereby making the ALJ's determination the final decision of the Commissioner.

Massey then filed this action on November 12, 2010. The magistrate judge filed the Report on January 31, 2012, recommending reversing and remanding this case for further proceedings. (Dkt. No. 20.) In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. The Commissioner timely filed objections to the Report on February 15, 2012. (Dkt. No. 21.) This matter is now ripe for review.

**II.**

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold

the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). In its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157–58.

### III.

The magistrate judge filed the Report on January 31, 2012. (Dkt. No. 20.) In the Report, the magistrate judge recommended reversing and remanding the case back to the ALJ for further proceedings. The magistrate judge recommended finding that the ALJ erred by discounting the opinion of Massey's treating physician, Dr. Afulukwe. Additionally, the magistrate judge recommended finding that the ALJ erred in his determination as to the claimant's credibility.

The Commissioner timely filed objections to the Report on February 15, 2012. (Dkt. No. 21.) The Commissioner argues that the ALJ adequately evaluated the treating physician's opinion and that the ALJ's credibility determination is supported by substantial evidence. For the reasons set forth below, the court finds these objections persuasive.

### A.

The court will first turn to the Commissioner's first objection, that the ALJ adequately

evaluated the treating physician's opinion. In assessing a treating physician's opinion, the ALJ should give controlling weight to that opinion if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is *inconsistent with other substantial evidence*, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (emphasis added). If the treating physician's testimony is inconsistent with the other substantial evidence, then "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

The ALJ incorporated Dr. Afulukwe's opinion as to many of the claimant's limitations in his residual functional capacity determination but discounted Dr. Afulukwe's opinion to the extent that it precluded full time work. The ALJ also found that Dr. Afulukwe's opinion was not supported by clinical evidence and gave examples from Dr. Afulukwe's treatment records indicating that the claimant's medications were working[2], that she was not in acute distress, that her gait was intact, and that her posture was normal despite her complaints of disabling pain. The Report recommended finding that these examples, along with the ALJ's other reasoning, did not constitute substantial evidence. The court is inclined to disagree. First, the court will note, as pointed out in the objections, the ALJ used these as *examples* as evidence contrary to Dr. Afulukwe's opinion, while also relying more broadly on the other contrary evidence in the

---

[2]     The treatment notes indicated that the claimant's medications were working to control her symptoms. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (if a symptom can be reasonably controlled by medication or treatment, it is not disabling).

record, stating that Dr. Afulukwe's opinion was "not well-supported and not consistent with the other evidence of record." 20 C.F.R. § 404.1527(d)(3)–(4); *see Craig*, 76 F.3d at 590 (stating that if clinical evidence does not support or is inconsistent with other substantial evidence, then the ALJ should assign less weight to it); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (stating that the ALJ need not specifically mention each piece of evidence in his decision); *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered.").

Furthermore, as noted by the Commissioner and discussed in the Report, other substantial evidence in the record contradicts Dr. Afulukwe's opinion: the claimant had full 5/5 motor strength; the claimant had no physical deficits other than tenderness to palpitation; the claimant was alert and oriented, with no signs of acute distress; the claimant never needed an assistive device to walk, despite claims of disabling pain; the claimant could lift 15 pounds and walk up to a mile; the claimant drove a car, shop, handled her own finances; the claimant attended church and medical appointments regularly. The court also notes that the state agency physician's and psychologist's assessments were consistent with the ALJ's residual functional capacity assessment.[3] *See Craig*, 76 F.3d at 589 (ALJ reviewing the case bears the responsibility of

---

[3] The Report states that the ALJ's reliance on the state agency reports was at least partially reliant upon Dr. Whitley's unsigned opinion. However, the court notes that only the *state psychologist's* report mentioned the unsigned opinion. The *state physician's* residual functional capacity assessment is detailed and thorough and provides substantial corroboration of the ALJ's residual functional capacity assessment, without mentioning Dr. Whitley's unsigned opinion. To the extent that the state psychologist relied upon the unsigned opinion to discount Dr. Afulukwe's opinion, that reliance was improper. However, the ALJ's reliance upon the state physician's report was proper and consistent with his residual functional capacity assessment and the other evidence in the record. *See Ngarurih v. Ashcroft* 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("[R]eversal is not required when the alleged error clearly had no bearing on the procedure used

making findings of fact and resolving evidentiary conflicts).

As such, the court finds that the ALJ properly decided this issue based upon the record as a whole. *See Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (stating that the court should review the record as a whole to determine whether the conclusions reach are rational). The court declines to adopt the recommendation and instead finds substantial evidence supports the decision of the Commissioner.[4]

**B.**

Turning now to the Commissioner's second objection, that the ALJ's credibility assessment is supported by substantial evidence, the court agrees.

In assessing a claimant's credibility and complaints of pain, the ALJ must determine whether there is objective evidence of an impairment which could reasonably be expected to produce the pain alleged by the claimant. If such evidence exists, the ALJ must consider the claimant's subjective complaints of pain, along with all of the evidence in the record. *See Craig*, 76 F.3d at 591–92; *Mickles v. Shalala*, 29 F.3d 918 (4th Cir. 1994). Additionally, although the ALJ may not discredit a claimant's pain allegations solely because the allegations are not substantiated by objective evidence of the pain or its severity, these allegations need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment and the extent to which the impairment can reasonably be

---

or the substance of the decision reached."); *see also Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (stating that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination") (citing *Nelson v. Apfel*, 131 F.2d 1228, 1236 (7th Cir. 1997)).

[4] The court also notes that in response to the allegation that the ALJ did not properly evaluate Dr. Afulukwe's opinions, the Appeals Council stated in its denial of review that Dr. Afulukwe performed an examination where he concluded that the claimant could work in an occupational setting if she stopped smoking and received treatment for other conditions.

expected to cause the pain the claimant alleges he suffers. The claimant's symptoms, including pain, are considered to diminish his or her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4).

Here, the ALJ noted a number of reasons why the claimant's subjective allegations of disabling pain were incredible: the claimant did not use an assistive device; the claimant was not immobile despite her complaints of disabling pain; the claimant was able to care for her personal needs; the claimant was able to drive a car; the claimant participated in the hearing without distraction from her supposedly debilitating pain; the claimant's carpel tunnel syndrome was treated conservatively; the claimant's hand pain was episodic; the claimant's back pain responded to her initial sacroiliac joint injection; one of the physicians thought claimant's pain symptoms were related to a psychological condition; the claimant stated that her medications worked; the claimant failed to follow treatment recommendations, including increasing her rheumatology treatment; the claimant's asthma was fairly well controlled; the claimant pursued very little mental health treatment; Dr. Whitley found few psychological abnormalities; the claimant's gait was intact; some of the claimant's health problems may have had something to do with her smoking habit; and both state agency consultants found her capable of work activities that were inconsistent with a finding of "disabled." *See generally* SSR 96-7p, 1996 WL 374186 at *4 ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.")

The Report notes that some of the reasons stated by the ALJ were improper, including reliance upon Dr. Whitley's unsigned opinion; reliance upon state agency reports that cited the unsigned opinion; reliance upon "sit and squirm" observations; and reliance upon the claimant's failure to pursue spinal cord stimulator treatment. As previously noted, any reliance upon the unsigned opinion was improper; however, also as previously noted, the state physician did not rely upon the unsigned opinion in any way whatsoever, and that physician's opinion corroborated the ALJ's residual functional capacity determination. Furthermore, any reliance by the ALJ upon Dr. Whitley's report was not the sole reason for the credibility determination and merely corroborated other substantial evidence. *See Toney v. Shalala*, 35 F.3d 557, 1994 WL 463427 (4th Cir. 1994) (noting that unsigned reports cannot be used to deny benefits but an unsigned report can be harmless if other substantial evidence supports the decision to deny benefits); *Boyd v. Astrue*, 2010 WL 3369362 (D.Md. Aug. 23, 2010) (same).

As to the sit and squirm observations, the ALJ may not *solely* base a credibility determination on his observations at a hearing; however, the ALJ may include these observations in his credibility determination. *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990) (stating that based a credibility determination based solely upon hearing observations is improper); *but see Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (stating that observations at a hearing may be used in part in making a credibility determination). Here, the ALJ merely included his observations from the hearing, a few remarks within a 13-page order, among the numerous other reasons for discounting the claimant's disability. That inclusion does not constitute improper reliance.

The ALJ did err in discounting the claimant's credibility in part for failure to pursue with

spinal cord stimulator treatment without more evidence. However, the court holds that this error was not dispositive and does not undermine the remainder of the substantial evidence supporting the ALJ's decision. *See Mickles*, 29 F.3d at 921 (stating that a denial of benefits may be affirmed, despite an ALJ's error in evaluating pain, if the ALJ would have reach the same result regardless). Again, while this reliance was improper, it was not dispositive and merely confirmed the ALJ's conclusion regarding the claimant's reliability.

With the above qualifications, the court finds that these reasons cited by the ALJ constitute substantial evidence to justify his determination. Accordingly, the court finds that the ALJ gave rational, legitimate reasons for discounting the claimant's credibility. That determination is supported by substantial evidence. *See Mastro,* 270 F.3d 171 at (stating that the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency).

## IV.

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Massey's impairments, arguments, and functional capacity. The court finds that substantial evidence supports the Commissioner's decision that Massey was not disabled as defined by the SSA. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that the court must uphold the Commissioner's decision as long as it is supported by substantial evidence.); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (defining substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"). Accordingly, the court declines to accept the recommendation of the magistrate judge. For the reasons set forth

above, the Commissioner's final decision is **AFFIRMED.**

  **IT IS SO ORDERED.**

                <u>s/Timothy M. Cain</u>
                Timothy M. Cain
                United States District Judge

Greenville, South Carolina
March 16, 2012